IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:09-CR-00027 |
| | § | (2:13-CV-362) |
| JOHN GILBERT RUBIO, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE, DENYING A
CERTIFICATE OF APPEALABILITY**

Pending before the Court is Defendant John Gilbert Rubio's (Rubio) motion to vacate, set aside or correct judgment pursuant to 28 U.S.C. § 2255, along with his motion for equitable tolling. D.E. 48, 49. The government responded. D.E. 52. Rubio did not file a Reply. For the reasons stated herein, the Court denies Rubio's motion for equitable tolling, denies his § 2255 motion and denies him a certificate of appealability.

## I.   PROCEDURAL BACKGROUND

Rubio was sentenced to 108 months in the Bureau of Prisons in 2009 based upon his guilty plea to the charge of felon in possession of a firearm. D.E. 29. Sentencing was complicated by Rubio's lengthy and violent history, including juvenile conduct. Additionally, the government sought to prove that Rubio committed an assault while being held pending sentencing. Ultimately, the Court heard testimony regarding relevant conduct and the alleged prison assault.

Rubio's offense level was determined to be 18 and his criminal history a category VI, with much of his history unscored. His sentencing range was 57-71 months. The vast majority of Rubio's offenses included assaultive behavior. While he possessed the firearm that resulted in his federal conviction, Rubio planned and carried out a drive by shooting at a residence. The Court departed upwards based upon Rubio's history of assaultive offenses and sentenced him to 108 months imprisonment, 3 years supervised release, no fine, and a $100 special assessment. D.E. 29. The Court expressed its concern that Rubio needed a significant sentence to protect the public.[1]

---

[1]     11 THE COURT: Well, I don't -- I see page after page of
        12 assaultive behavior in which this Defendant's behavior has
        13 gotten increasingly more desperate, increasingly more
        14 dangerous, increasingly more violent, and extend to a greater
        15 number of people than a one-on-one situation.
        16 This last circumstance of going by somebody's house
        17 and, with, to exact revenge or exact the first strike is
        18 totally, just exactly the reason why the Defendant's sentence
        19 of 120 months -- if you can't get 120 months in a Criminal
        20 History Category VI for having firearms under these
        21 circumstances, I guess you do have to commit murder. And I
        22 don't think that we should have to wait so long as for your
        23 client to actually kill somebody before he's sent the message
        24 and the public is protected for the maximum possible time.
        25 Those are my thoughts.

D.E. 38, p. 55.

        7 THE COURT: Mr. Rubio, your Criminal History Category
        8 VI, together with the number of events that the police have had
        9 to confront you with respect to your behavior leads the Court
        10 to conclude that you are not in control of yourself and that
        11 you are not likely to be in control of yourself any time soon,
        12 and that the public is in danger if you are not given a
        13 punishment that fits the crime.
        14 And certainly shooting up a house and cars with

2

Judgment was entered on the docket on May 18, 2009. Id. Rubio timely appealed his sentence, but the Fifth Circuit Court of Appeals affirmed on February 18, 2010. D.E. 45.

Rubio's current motions are dated November 4, 2013, and were received by the Clerk on November 12, 2013. D.E. 48, 49.

## II.  MOVANT'S CLAIMS

Rubio challenges his sentence and seeks resentencing pursuant to Alleyne v. United States, 133 S.Ct. 2151 (2013). He claims that this Court improperly determined facts not charged in the indictment and to which he had not admitted that increased his punishment. He claims such factfinding violated Alleyne. Rubio claims both trial and appellate counsel were ineffective on the grounds that they failed to argue Apprendi/Alleyne. He next claims that his right to a fair trial and sentence were denied because no psychiatric evaluation was performed to establish his *mens rea* for the crime and his competency. Finally, Rubio claims that the Court increased his sentence based upon a belief that it was necessary for his rehabilitation.

---

15 children and family in it is an extraordinary offense, and it
16 becomes even more extraordinary when it's accomplished by
17 somebody who's not even supposed to have a weapon.
18 The guidelines are advisory to me. Among those
19 matters that I can take into account are the circumstances of
20 the Defendant. And the circumstances of the Defendant are that
21 you have been committing violent behavior throughout your life.
22 I will listen to your attorney and give you some
23 credit for pleading guilty, but I think the only appropriate
24 sentence is 108 months in the custody of the Bureau of Prisons.

Id., p. 57.

3

## III.  ANALYSIS

### A.      28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). In addition, "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

### B.      Statute of Limitations § 2255

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[2] 28 U.S.C. § 2255(f). The Fifth

---

[2]   The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking direct review of a conviction has expired. Clay v. United States, 537 U.S. 522 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam).

Rubio's conviction became final on May 19, 2010, the last day to file a petition for writ of certiorari, 90 days after the decision of the Fifth Circuit. Clay, 537 U.S. at 525. Rubio's deadline to file his motion to vacate expired a year later on May 19, 2011. He did not file his § 2255 motion until November 4, 2013, over 2 years past the one year deadline. His § 2255 motion is therefore time barred unless an exception applies.

Subsection 2255(f)(3) provides an alternative date for limitations, "(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of– . . . (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Id.

Rubio claims that because Alleyne was decided this year that his motion is timely. For § 2255(f)(3) to apply, the Supreme Court must have specifically held that a newly recognized right applies retroactively to cases on collateral review. Tyler v. Cain, 533 U.S. 656, 662–63 (2001); see also In re Sparks, 657 F.3d 258, 260 (5th Cir. 2011).

In Alleyne, the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an element of the crime that must be submitted to the jury

---

28 U.S.C. § 2255(f).

and found beyond a reasonable doubt. Id. at 2163. Alleyne was decided on direct appeal and has not been declared to apply retroactively on collateral review. See In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013); United States v. Cantu-Rivera, 2013 WL 3873281 (S.D. Tex., July 24, 2013). Because Alleyne does not apply retroactively, Rubio's § 2255 motion is untimely, unless some other basis for extending limitations applies.

Rubio also argues that this Court should equitably toll limitations. He claims his psychiatric issues impeded his ability to file his motion timely. Rubio further claims that he was transferred to multiple different prisons and each time was deprived of his legal papers for weeks on end. Rubio does not, however, state his transfers took place during the relevant period.

To be entitled to equitable tolling, Rubio must prove that he has diligently pursued his rights, that extraordinary circumstances stood in his way and prevented his timely filing. Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2562 (2010). Although mental incompetence might support equitable tolling, Rubio has not been adjudged incompetent and does not claim that he was incompetent during the applicable time frame. Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999) (denying equitable tolling for 17 day mental health hospitalization). This Court found Rubio to be competent during rearraignment and again at sentencing, while also recognizing that Rubio had psychiatric problem of unknown etiology. D.E. 38, p. 59.[3] Rubio does not claim he was hospitalized or so medicated during the relevant

---

[3]     5 But I'm also going to make it very important,
        6 emphasis in the judgment, that this Defendant not just be

period that he could not function. Finally, Rubio provides no evidence to support a finding of diligence on his part.

Because Rubio has not established that his filing is timely or  an exception to the one year general statute of limitations applies, his § 2255 motion to vacate, set aside or correct judgment must be denied as untimely.

---

7 sentenced to some place, oh well, he can get treated there, but
8 I do think that there is indication in the record that the
9 Defendant has deep problems, deeper than most people we see who
10 are just simply not disordered.
11 I think he has, I think he's worthy of a physical
12 examination and a mental examination, physical to determine
13 whether or not there are any organic brain disorders. And to
14 be, to receive -- I mean, he has seen so many doctors and he's
15 been given so many types of medications, I don't think anybody
16 knows what's wrong with him or what kind of medications he
17 ought to be receiving. And it's certainly apparent that he
18 should. And I think the Bureau of Prisons has got the
19 facilities to determine that better than most. But if they
20 don't employ them in this man's case, then we have not done our
21 job.

Id.

## IV.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Rubio has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253©) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. The Court finds that Rubio cannot establish at least one of the Slack criteria. Accordingly, he is not entitled to a COA as to his claims.

## V.  CONCLUSION

For the foregoing reasons, Rubio's motion for equitable tolling (D.E. 48) is DENIED.

His motion to vacate, set aside or correct judgment (D.E. 49) is DENIED as untimely, and

he is DENIED a Certificate of Appealability.

It is so ORDERED this 24th day of April, 2014.

HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE